IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARTH ANCIER, | ) CIVIL NO. 14-00294 JMS-RLP |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF GARTH |
| | ) ANCIER'S MOTION FOR PROTECTIVE |
| vs. | ) ORDER |
| | ) |
| MICHAEL F. EGAN, III; JEFFREY | ) |
| M. HERMAN; MARK F. GALLAGHER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER GRANTING PLAINTIFF GARTH
ANCIER'S MOTION FOR PROTECTIVE ORDER

Before the Court is Plaintiff Garth Ancier's Motion for Protective Order, filed January 2, 2015 ("Motion"). ECF No. 99. Defendant Gallagher filed a Response to the Motion on January 16, 2015. ECF No. 101. Defendant Herman filed an Opposition to the Motion on January 16, 2015. ECF No. 102. Defendant Egan filed a Response/Opposition to the Motion on January 23, 2015. ECF No. 110. Plaintiff filed his Reply on January 29, 2015. ECF No. 113. Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing. ECF No. 100. After careful consideration of the submissions of the parties and the relevant legal authority, the Court GRANTS Plaintiff's Motion.

BACKGROUND

Plaintiff Ancier filed this action alleging state law claims for malicious prosecution and abuse of process against Defendant Egan and his former attorneys Defendant Herman and Defendant Gallagher. Plaintiff Ancier alleges that Defendants

filed a frivolous action against him in Egan v. Ancier, Civ. No. 14-00188 SOM-BMK (the "underlying action"), which falsely accused Plaintiff Ancier of sexually assaulting Defendant Egan in Hawaii in 1999.  The underlying action was voluntarily dismissed without prejudice after Plaintiff Ancier sought Rule 11 sanctions against Defendants for filing a baseless action.

The parties attempted to reach an agreement regarding a stipulated protective order in this case.  However, the parties were unable to agree on whether the proposed stipulated protective order should include a provision regarding the former attorney-client relationship between Defendant Herman, Defendant Gallagher and Defendant Egan.  In the present Motion, Plaintiff asks the Court to issue a protective order that allows the parties to designate material produced in discovery as confidential and limits the disclosure of such material.  ECF No. 99.  Plaintiff's proposed protective order does not include any provision related to the former attorney-client relationship between the Defendants.  Id.  Defendant Gallagher does not oppose Plaintiff's Motion, but asserts that he proposed a form of stipulation that was to be signed by Defendant Egan expressly authorizing disclosure of documents.  ECF No. 101.  Defendant Herman argues that a protective order should also include a provision that addresses the former attorney-client relationship between the Defendants.  ECF No. 102.  Defendant Egan asks the

Court to deny Plaintiff's Motion because he is proceeding pro se and has not been able to obtain advice from an attorney.  ECF No. 110.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011) ("'[B]road discretion is vested in the trial court to permit or deny discovery.'") (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  The burden is on the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery.  See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  Id. at 1211; see also In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011).

In the present Motion, Plaintiff asks the Court to

enter a blanket protective order.  Blanket protective orders are routinely entered in civil litigation, generally at the joint request of the parties.  As other district courts in this circuit have recognized, "the use of blanket protective orders conserves judicial resources -- and taxpayer money -- by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." Van v. Wal-Mart Stores, Inc., No. C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document.").

        Here, the Court finds that Plaintiff has demonstrated that discovery in this action will require the disclosure of confidential information and that harm may result if that confidential information is not protected from public disclosure.  As noted above, the key area of disagreement between the parties is whether a protective order should include a provision regarding the former attorney-client relationship between Defendants.  The parties agree that discovery in this action will include information relating to Defendant Herman's and Defendant Gallagher's representation of Defendant Egan in the underlying action.  Hawaii Rules of Professional Conduct 1.6 prohibits a lawyer from revealing confidential information relating to the

representation of a client.  Haw. R. Prof'l Conduct 1.6.
However, subsection (b)(4) of Rule 1.6 provides a limited
exception to that rule.  Under subsection (b)(4), an attorney
"may reveal information relating to the representation of a
client to the extent the lawyer believes reasonably necessary" to
establish a defense to a "civil claim against the lawyer based
upon conduct in which the client was involved, or to respond to
allegations in any proceeding concerning the lawyer's
representation of the client."  Id. at (b)(4).   Pursuant to the
plain language of the Rule, client consent is not required for
disclosures made pursuant to subsection (b)(4).  Id.  The
comments to this Rule provide that subsection (b) "permits, but
does not require, the disclosure of information relating to a
client's representation if the lawyer reasonably believes the
disclosure is necessary to accomplish the purposes specified in
[paragraph (b)(4)]."  Id. at comment 16.

     The Court agrees with Plaintiff that inclusion of a
provision regarding the Defendants' former attorney-client
relationship is not necessary.  As noted above, Rule 1.6(b)(4)
does not require client consent before a lawyer may disclose
confidential information to establish a defense or to respond to
allegations.  Id. at 1.6.  Defendants' arguments in opposition to
Plaintiff's proposed protective order are unpersuasive.  First,
Defendant Herman does not provide any authority for his position
that the protective order should include provisions that reflect

California Rules of Professional Conduct.  <u>See</u> ECF No. 102 at 4. Defendant Herman states that he is not licensed in California, but is still subject to the California Rules of Professional Conduct because he represented Defendant Egan on a "claim" filed in California.  <u>Id.</u> at n.1.  Defendant Herman does not provide any information that would indicate that this unspecified claim is related to this litigation.  This suit involves the underlying action, which was filed in Hawaii.  Accordingly, the Court rejects Defendant Herman's argument that California Rules of Professional Conduct apply.  Second, the Court rejects Defendant Herman's argument that the protective order should be limited to "only those documents related to litigation in Hawaii reasonably necessary to defend against [Plaintiff's] claims."  ECF No. 102 at 6.  Hawaii Rules of Professional Conduct 1.6(b)(4) already provides similar language.  If there are future disputes regarding the scope of the information produced by the parties, then the Court will address those specific issues at that time. Finally, the Court is unpersuaded by Defendant Egan's argument that Plaintiff's Motion should be denied because Defendant Egan has been unable to secure counsel.  <u>See</u> ECF No. 110.  Defendant Egan cannot use his pro se status to prevent the parties from proceeding with discovery in this action.

      Plaintiff has sufficiently demonstrated good cause to issue a protective order regarding the confidential information that will likely be produced by the parties in discovery.

However, given the early stage of this case, the Court finds that Plaintiff has failed to establish good cause to include a provision regarding the use of confidential information at trial. Plaintiff shall submit a proposed protective order in accordance with this Order by email as required by Local Rules 100.8.1. and 100.8.2, no later than February 10, 2015.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff Garth Ancier's Motion for Protective Order. Plaintiff shall submit a proposed protective order in accordance with this Order no later than February 10, 2015.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, FEBRUARY 3, 2015.

Richard L. Puglisi
United States Magistrate Judge

**ANCIER V. EGAN, ET AL; CIVIL NO. 14-00294 JMS-RLP; ORDER GRANTING PLAINTIFF GARTH ANCIER'S MOTION FOR PROTECTIVE ORDER**